Prob 12C

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

| | |
|---|---|
| **Offender Name:** | Iyona Fache COLLINS |
| **Docket Number:** | 2:03CR00501-01 |
| **Offender Address:** | Sacramento, California |
| **Judicial Officer:** | Honorable William B. Shubb<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 03/03/2004 |
| **Original Offense:** | 18 USC 1708 - Possession of Stolen Mail<br>(CLASS D FELONY) |
| **Original Sentence:** | 5 months Bureau of Prisons; 36 months supervised release; $100 special assessment |
| **Special Conditions:** | Warrantless search; Financial disclosure and restrictions; Drug testing; 5 months Community Corrections Center; and $5 Co-payment |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 05/28/2004 (original)<br>11/10/2004 (reimposed) |
| **Assistant U.S. Attorney:** | Ellen Endrizzi     **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | Michael Long     **Telephone:** (916) 447-1965 |

**Other Court Action:**

<u>10/13/2004</u>: The defendant's term of supervised release was revoked after she was found in violation of her conditions of supervision, Community Corrections

**RE:   Iyona Fache COLLINS**
**Docket Number:  2:03CR00501-01**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

|  |  |
|---|---|
|  | Center failure.  The defendant was sentenced to 29 days Bureau of Prisons and 35 months supervised release. |
| **06/09/2005:** | After the defendant tested positive for illegal controlled substances, the Court modified her conditions of supervision to include correctional treatment. |
| **06/29/2005:** | On 06/24/2005, a Violation Petition was filed alleging illicit drug use and failure to follow the directions of the probation officer.  After the defendant was found in violation, the Court modified her conditions of supervision to include participation in a Community Corrections Center for three months. |
| **08/04/2005:** | After the defendant's term of supervised release was modified, ordering her to participate in a Community Corrections Center, the probation office received two subsequent positive test results for illicit drug use (June 22, 2005, and July 14, 2005) and notified that the defendant failed to appear for testing on July 17, 2005, and July 18, 2005.  The positive drug test for July 14, 2005, was not received until after the defendant began her placement at the Community Corrections Center.  The Court was noticed of the violation conduct and advised that these two subsequent drug tests now made this a mandatory revocation case.  It was felt that the defendant should be given the opportunity to participate in the Community Corrections Center program and receive the assistance she so obviously needed.  It was recommended that no action be taken at that time and the defendant's appearance before the Court was postponed until she successfully completed her commitment. |
| **11/30/2005:** | A Violation Petition was filed alleging Illicit Drug Use (June 22, 2005; July 14,2005; and November 10, 2005). |

**RE:    Iyona Fache COLLINS
        Docket Number:  2:03CR00501-01
        PETITION FOR WARRANT OR SUMMONS
        FOR OFFENDER UNDER SUPERVISION**

**01/04/2006:**            The defendant admitted the allegation as alleged in the Violation Petition filed on November 3, 2005.

**02/23/2006:**            The defendant was continued on supervised release under the same orders and conditions previously imposed.

---

### PETITIONING THE COURT

**[ X ]   OTHER:** To order the defendant to appear before the Honorable William B. Shubb on March 30, 2006, to show cause why supervised release heretofore granted should not be revoked. The probation officer is hereby directed to notify the defendant and counsel of said hearing.

The probation officer alleges the offender has violated the following condition(s) of supervision:

**Charge Number        Nature of Violation**

**Charge 1:            ILLICIT DRUG USE**

On December 14, 2005, the defendant submitted a urine sample that returned positive for amphetamine and methamphetamine.

The above is in violation of the Standard Condition of supervision that the defendant refrain from any unlawful use of a controlled substance.

**RE:    Iyona Fache COLLINS**
**Docket Number:  2:03CR00501-01**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

**Charge 2:        FAILURE TO COMPLETE CORRECTIONAL TREATMENT PROGRAM AS DIRECTED BY THE PROBATION OFFICER**

The defendant was directed to complete a drug rehabilitation program. On March 23, 2006, the probation officer was notified that the defendant was terminated from the Strategies for a Change treatment program due to unexcused absences.

The above is in violation of the defendant's Special Condition that she participate in a correctional treatment program and Standard Condition Number 3 that the defendant follow the instructions of the probation officer.

**Justification:** The defendant last appeared in court on February 23, 2006.  Though her cumulative violation conduct (five positive test results in less than one year) may have warranted revocation, the probation officer recommended that the defendant be continued on supervised release.  The defendant had enrolled in a modified residential treatment program through Strategies for a Change and River City Recovery.  Strategies for a Change was a four-to-five month outpatient program.  The defendant attended classes at Strategies for a Change, six hours a day, four days a week.  She lived at a River City Recovery transitional house and was subject to curfews.  The defendant had issues with both programs during her participation and was finally terminated from Strategies for a Change due to unexcused absences.

The defendant's prior violation conduct, illicit drug use, posed a mandatory revocation issue. However, she expressed her desire to participate in a residential treatment program and it was determined that her case was an exception.  Rather than revocation, the defendant was directed to participate and successfully complete all aspects of the treatment program. Now that the defendant has failed the correctional treatment program as directed, it is felt that the defendant's violation conduct now warrants revocation.  The drug use alleged in Charge 1 was learned after the previous petition was filed and thus has not been adjudicated.

**RE:    Iyona Fache COLLINS
        Docket Number:  2:03CR00501-01
        PETITION FOR WARRANT OR SUMMONS
        <u>FOR OFFENDER UNDER SUPERVISION</u>**

At this time, the defendant does not appear to be a flight risk or a danger to the community at this time.  Her current whereabouts are known.  It is anticipated she will appear in court as ordered.  Therefore, we are recommending the defendant be ordered to appear in court on March 30, 2006, at 2:00 p.m., to answer to the above allegation.

**I declare under penalty of perjury that the foregoing is true and correct.**

Respectfully submitted,

/s/Kris M. Miura

**KRIS M. MIURA
United States Probation Officer**
Telephone: (916) 930-4305

**EXECUTED ON**:    March 24, 2006
                  Sacramento, California
                  KMM/cp


**REVIEWED BY**:    /s/John A. Poglinco for Kyriacos M. Simonidis
                   **KYRIACOS M. SIMONIDIS
                   Supervising United States Probation Officer**

**RE:**    Iyona Fache COLLINS
        Docket Number:  2:03CR00501-01
        **PETITION FOR WARRANT OR SUMMONS**
        <u>**FOR OFFENDER UNDER SUPERVISION**</u>

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

[ x ]   Other:   The defendant is ordered to appear in the United States District Court for the Eastern District of California before the Honorable William B. Shubb, on March 30, 2006, at 2:00 p.m., to show cause why supervised release heretofore granted should not be revoked. The probation officer is hereby directed to notify the defendant and counsel of said hearing.

**Date**: March 24, 2006

*(signature)*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

cc:   United States Probation
      Ellen Endrizzi, Assistant United States Attorney
      Michael Long, Defense Counsel

Attachment:  Presentence Report   (Sacramento only)

## STATEMENT OF EVIDENCE OF ALLEGED
## SUPERVISED RELEASE VIOLATIONS

Honorable William B. Shubb
United States District Judge
Sacramento, California

                              RE:    Iyona F. COLLINS
                                        Docket Number:   2:03CR00501-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**    **ILLICIT DRUG USE**

    **A.**    **Evidence:**

        (1)    Scientific Testing Laboratories, Inc. Report C00335009 for a urine specimen taken December 14, 2005, indicating use of amphetamine and methamphetamine.

    **B.**    **Witnesses:**

        (1)    The Effort, Inc. and Scientific Testing Laboratories, Inc. personnel will testify regarding the collection and analysis of the above specimen.

**RE:   Iyona F. COLLINS**
    **Docket Number: 2:03CR00501-01**
    <u>**STATEMENT OF EVIDENCE**</u>


**Charge 2:   FAILURE TO COMPLETE CORRECTIONAL TREATMENT PROGRAM AS DIRECTED BY THE PROBATION OFFICER**

   **A.   Witnesses:**

   (1)   United States Probation Officer Kris M. Miura will testify that the defendant failed to complete the correctional treatment program as directed, due to unexcused absences.

Respectfully submitted,

/s/Kris M. Miura
**KRIS M. MIURA**
**United States Probation Officer**


**DATED:**   March 24, 2006
      Sacramento, California
      KMM/cp


**REVIEWED BY**:   /s/John A. Poglinco for Kyriacos M. Simonidis
      **KYRIACOS M. SIMONIDIS**
      **Supervising United States Probation Officer**

## REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:**   Iyona Fache COLLINS          **Docket Number:** 2:03CR00501-01

**Date of original offense:**   11/06/2003

**Original term of supervised release imposed:** 35 **months.**

**Highest grade of violation alleged:**          C

**Criminal History Category of offender:**       IV

**Chapter 7 range of imprisonment:**  6 **to** 12  **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

|     | |
| --- | --- |
| __  | **Class A felony - 5 years (or stat max of __  years if longer).** |
| __  | **Class B felony - 3 years** |
| X   | **Class C and/or D felony - 2 years** |
| __  | **Class E felony and misdemeanors:  1 year** |

**Violation requires mandatory revocation:  YES:**  X   **NO:**  __.

<u>**Original offense committed after 09/13/94**</u>**:**  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the term of imprisonment imposed upon revocation.

## <u>MANDATORY REVOCATION ISSUES</u>

<u>**Original offense committed after 09/13/94**</u>**:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

<u>**Positive/Failed Drug Tests after 11/02/2002**</u>**:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

KMM/cp
03/24/2006